IN THE UNITED STATES BANKRUPTCY COURT OF MARYLAND
GREENBELT DIVISION

IN RE: * Chapter 7
**MARY FRANKLIN**
  DEBTOR * Case No.: **14-13266**

\* \* \* \* \* \* \* \* \* \* \* \* \*

**RANDEE MCDADE** *
  MOVANT
 *
vs.
**MARY FRANKLIN** *
  RESPONDENT
\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION FOR EXTENSION OF TIME TO FILE COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE

**NOW COMES**, Randee McDade, "Interested Party and Creditor", by her Counsel KIM PARKER, ESQUIRE and the LAW OFFICES OF KIM PARKER, P.A., and moves this Court for an Extension of Time to File Complaint Objecting to Discharge of the Debtor. In support thereof state:

1. On March 4, 2014, the above-captioned debtor (the "Debtor") filed chapter 7 petition.

2. On December 20, 2006, Creditor Randee McDade suffered a severe personal injury as a tenant in 6127 Chinquapin Parkway, Baltimore, Maryland 21239, which is owned by the Debtor.

3. Since the date of the incident, the Debtor has refused to provide Ms. McDade or her Counsel with insurance information. In fact, in 2007 debtor was charged with illegally changing

the locks of 6127 Chinquapin Parkway, to impede Ms. McDade from returning, after her injury. Debtor was found guilty by the District Court and sentenced to three (3) days in jail.

4. On October 23, 2010, Ms. McDade through Counsel filed suit against the Debtor in the Circuit Court of Maryland for Baltimore City. **Exhibit A.**

5. For almost four (4) years, the Debtor has failed to answer or otherwise respond to the Complaint. The Circuit Court scheduled an Inquisition Hearing with regard to Plaintiff's Complaint for March 5, 2014. In order to further prejudice Ms. McDade, Debtor filed the instant petition one (1) day before the inquisition hearing. Presumably, Debtor has filed the petition in bad faith.

6. Section 727(a) of the Bankruptcy Code provides that a debtor's discharge may be denied if one of nine conditions is met. Section 523(a) of the Bankruptcy Code addresses eighteen exceptions to the discharge of certain debt granted under 11 U.S.C. § 727. Section 523(c) of the Bankruptcy Code provides, with respect to subsections (2), (4), (6) and (15) of 11 U.S.C. § 523(a), that the debt is discharged unless, on request of the creditor, the bankruptcy court determines the debt to be excepted from discharge. It is a complaint seeking a determination of the dischargeability of certain debt under 11 U.S.C. § 523(c) that is the subject of this dispute.

7. F.R.B.P. Rule 7001(6) provides that a dischargeability complaint be made in the form of an adversary proceeding. F.R.B.P. Rule 4007(c) mandates the time within which a complaint to determine the dischargeability of debt under 11 U.S.C. § 523(c) must be filed. Such a complaint cannot be filed later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a) unless, "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." The motion must be filed before the time has expired. The enlargement of the time to file a complaint to determine the dischargeability of

debt is specifically limited by F.R.B.P. Rule 9006(b)(3) to the conditions provided in F.R.B.P. Rule 4007(c).

8. The deadline to Object to the Discharge of Debtor is June 9, 2014. The Creditor's Motion is therefore timely.

9. Contemporaneously with the filing of this Motion, Creditor has filed a Request to Examine Debtor pursuant to Rule 2004.

10. The Creditor is currently is investigating potential assets in this case and does not wish to waive her rights, or any other creditors or parties in interest, regarding denial of the Debtor's discharge or the dischargeability of the debt owed to the Creditor Rande McDade, until due diligence is completed.

11. This case is complicated and requires substantial due diligence.

12. At this time, Creditor requests an additional sixty (60) days from June 9, 2014 the present discharge date, to and through August 9, 2014 for objections to discharge and dischargeability for all individuals and entities identified herein with the understanding that further extensions may be required.

WHEREFORE, Randee McDade, Creditor requests that this Court extend the deadline for her and all creditors and other parties in interest to object to the Debtor's discharge and dischargeability herein through August 9, 2014, and grant such other and further relief as this Court may deem just and proper

                          Respectfully Submitted,
                          LAW OFFICES OF KIM PARKER, P.A.

                          _____/s/_____
                          Kim Parker, Esquire
                          Bar No.: 23894
                          2123 Maryland Avenue

        Baltimore, Maryland 21218
        410-234-2621
        F: 410-234-2612
        kp@kimparkerlaw.com

        *Counsel for Rande McDade*

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Motion for Extension of Time to Object to Discharge was mailed first class mail postage prepaid or by electronic mail on this **11th** day of **May ,2014**

to:

David W. Cohen , Esq
Counsel for Debtor
*Via Electronic Service*

Cheryl Rose, Esq.
Chapter 7 Trustee
*Via Electronic Service*

        _____/s/_____
        Kim Parker, Esquire