IN THE UNITED STATES BANKRUPTCY COURT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| **MARY FRANKLIN** | | |
| DEBTOR | * | Case No.: **14-13266** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **RANDEE MCDADE** | * |
| MOVANT | |
| | * |
| vs. | |
| **MARY FRANKLIN** | * |
| RESPONDENT | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RULE 2004 EXAMINATION OF DEBTOR

**NOW COMES**, Randee McDade, "Interested Party and Creditor", by her Counsel KIM PARKER, ESQUIRE and the LAW OFFICES OF KIM PARKER, P.A., and moves this Court pursuant to Rule 2004 for Examination of the Debtor. In support thereof state:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief sought herein is § 105 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code")1 and Rule 2004.

2. On March 4, 2014, the above-captioned debtor (the "Debtor") filed chapter 7 petition.

3. On December 20, 2006, Creditor Randee McDade suffered a severe personal injury as a tenant in 6127 Chinquapin Parkway, Baltimore, Maryland 21239, which is owned by the Debtor.

4. Since the date of the incident, the Debtor has refused to provide Ms. McDade or her Counsel with insurance information. In fact, in 2007 debtor was charged with illegally changing the locks of 6127 Chinquapin Parkway, to impede Ms. McDade from returning, after her injury. Debtor was found guilty by the District Court and sentenced to three (3) days in jail.

5. On October 23, 2010, Ms. McDade through Counsel filed suit against the Debtor in the Circuit Court of Maryland for Baltimore City. **Exhibit A.**

6. For almost four (4) years, the Debtor has failed to answer or otherwise respond to the Complaint. The Circuit Court scheduled an Inquisition Hearing with regard to Plaintiff's Complaint for March 5, 2014. In order to further prejudice Ms. McDade, Debtor filed the instant petition one (1) day before the inquisition hearing. Presumably, Debtor has filed the petition in bad faith.

7. Ms. McDade has authority under Bankruptcy Rule 2004 to (a) serve any or all of the "Requests for Production" attached hereto as Exhibit A on Debtor and (b) conduct an "Oral Examination" of Debtor.

8. Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b) states that the examination may relate to, among other things, "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

9. The scope of a Rule 2004 examination is "unfettered and broad," as the wording of the rule indicates. The scope of a Rule 2004 examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. Examinations under Rule 2004 may include within their scope, among many other things, any matter which may affect "the

administration of the debtor's estate," and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan. The well-settled scope of discovery conducted under Rule 2004 is so fundamental to the bankruptcy process and permissibly broad that courts have gone so far as to use with approval words and phrases such as "fishing expedition," "exploratory and groping," and "inquisition." See, e.g., In re 2435 Plainfield Ave., Inc., 223 B.R. 440, 456 (Bankr. D. N.J.1998); In re Drexel Burnham Lambert Group, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984).

10.    Accordingly, Rule 2004 examinations may be used by a party to evaluate the existence of the availability of assets of the estate. The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'"). In addition, Rule 2004 examinations may be used by a party to evaluate the existence of potential claims belonging to a debtor's estate, primarily because claims of the debtor is considered assets of the estate. See, e.g., *In re Table Talk, Inc*., 51 B.R. 143, 146 (Bankr. D. Mass. 1985).

**WHEREFORE**, Creditor respectfully requests that the Court enter an order (a) directing Debtor to produce to the Creditor documents responsive to the Request for Production, (b) authorizing the Creditor to conduct an Oral Examination of Debtor at a mutually convenient location, and (c) granting such other and further relief as the nature of this case may require.

                                               Respectfully Submitted,
                                               LAW OFFICES OF KIM PARKER, P.A.

                                               _____/s/_____
                                               Kim Parker, Esquire
                                               Bar No.: 23894
                                               2123 Maryland Avenue
                                               Baltimore, Maryland 21218
                                               410-234-2621

F: 410-234-2612
kp@kimparkerlaw.com

*Counsel for Rande McDade*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Motion for Rule 2004 Examination was mailed first class mail postage prepaid or by electronic mail on this **11th** day of **May ,2014** to:

David W. Cohen , Esq
Counsel for Debtor
*Via Electronic Service*

Cheryl Rose, Esq.
Chapter 7 Trustee
*Via Electronic Service*

_____/s/_____
Kim Parker, Esquire