IN THE UNITED STATES BANKRUPTCY COURT OF MARYLAND
GREENBELT DIVISION

IN RE:          *    Chapter 7
MARY FRANKLIN
    Debtor         *    Case No.: 14-13266

\* \* \* \* \* \* \* \* \* \* \* \* \*

RANDEE MCDADE          *
    Movant
            *
vs.
MARY FRANKLIN          *
    Respondent

\* \* \* \* \* \* \* \* \* \* \* \* \*

RESPONSE TO AMENDED MOTION FOR RULE 2004 EXAMINATION OF DEBTOR

COMES NOW MARY FRANKLIN ("Debtor"), by David W. Cohen and the Law Office of David W. Cohen, her attorney, and for Response to the Amended Motion for Rule 2004 Examination of Debtor filed by Rande McDade says:

1. That the jurisdictional allegations of paragraphs 1 and 2 are admitted.

2. The that the allegations of paragraph 3 are admitted except that the allegation that Movant's injury was "severe" is neither admitted nor denied.

3. That the allegations in paragraphs 4 are denied. In fact, as Movant's counsel is or should be aware, the information was provided to the Movant (Movant was represented in the State Court by both Ms. Parker and Marvin Singer, Esq. Mr. Singer undertook primary responsibility in the State Court), who then issued a subpoena against respondent's insurance company and obtained records now held by both Debtor's Counsel and Movant's Counsel.

4. The allegations of paragraphs 5 and 6 are admitted and denied. It is admitted that suit was filed and that a judgment by default was entered as to liability. At the request of Movant's trial counsel, the damages hearing was postponed several times in order to give that counsel an opportunity to prepare litigation against the debtor's insurance carrier, which as the Movant is or

should be aware, had denied coverage of her claim. It is expressly denied that the filing of the petition was in bad faith. As is clearly evident from the petition, any dispute with the Movant is only a part of the debtor's overall financial situation.

5. The allegations of paragraphs seven through 10 are neither admitted nor denied, as the same state legal conclusions and require no response.

6. Further answering, having reviewed the proposed list of document requests, and bearing in mind that the Movant has filed a request for extension of time to object to the debtor's discharge, it is evident that the scope of documentary requested far exceed anything reasonable. Specifically, the request includes a demand for production of tax returns and financial documents covering a period of 10 years, while section 727(a)(2)(B) of the Bankruptcy Code refers to property of the debtor, and presumably records, which the debtor has caused to be destroyed or concealed within one year of the petition date. Any attempt to recover property pursuant to the fraudulent conveyance statutes might benefit the trustee would only deal with the transfer which occurred within three years. The scope of the request greatly exceeds any period which might have the remotest relevance to any relief that the movement might subsequently request.

7. While without question a party requesting authority to conduct a Rule 2004 Examination is entitled to expansive rights, those rights are not without limit. The scope of Rule 2004 examination should not be so broad as to be more disruptive and costly to the party to be examined than beneficial to the party seeking discovery. *In re Express One International Inc.*, 217 B.R. 215, 217 (Bankr.E.D.Tex.1998); *In re Eagle-Picher Industries, Inc.*, 169 B.R. 130, 134 (Bankr.S.D.Ohio 1994); *In re Texaco, Inc.*, 79 B.R. 551, 556 (Bankr. S.D.N.Y.1987).. In granting authority, the court must balance the examiner's interests against the debtor's interest in avoiding the cost and burden of disclosure. *In re Hammond*, 140 B.R. 197, 201 (S.D.Ohio 1992), *In re Countrywide Home Loans,*

*Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa., 2008). The Debtor submits that the appropriate test to apply is that the documents and discovery requested be potentially relevant to the relief which the creditor has intended that she might seek. By limiting the time period for which discovery is sought to three years prior to the petition date, that test is met, and an appropriate balance is struck.

8. The request also includes documents (i.e. insurance information) which the Movant obtained pursuant to her own subpoena and subsequently provided to Debtor's counsel. While the Debtor believes that any such request is frivolous, in the event that Ms. Parker does not have the documents, the Debtor is happy to provide the same.

9. That prior to filing this response, counsel for the Debtor had suggested to Movant's Counsel that Rule 2004 Discovery be limited, and proposed to discuss the same. No response was forthcoming.

WHEREFORE the Debtor prays this Court:

A. Limit the scope of Discovery pursuant to Rule 2004 to financial transactions within the three year period preceding the filing of the Petition herein.

B. And for Such Other and Further Relief as Justice and the Nature of This Cause May Require.

_S/David W. Cohen_____
David W. Cohen
1 North Charles Street
Suite 350 Blaustein Building
Baltimore, MD 21201
Bar No. 03448
(410) 837-6340

CERTIFICATE OF SERVICE

    I hereby Certify that on this _25 _ day of _May, 2014 a copy of the foregoing, together with Proposed Order, was delivered by CM/ECF or mailed, postage prepaid, to the following parties: Kim Parker, Counsel for Rande McDade; Cheryl Rose, Trustee.

                                            ____S/David W. Cohen____
                                            David W. Cohen